# JOHN DUNSTON v. STATE.

No. A-10134.    March 31, 1943.
(136 P. 2d 203.)

J. W. Burrow, of Gage, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Willis Smith, Co. Atty., of Woodward, for defendant in error.

BAREFOOT, J.    Defendant, John Dunston, was charged in the district court of Woodward county with the larceny of domestic fowls, towit, six chicken hens, was tried, convicted and sentenced to serve two years in the State Penitentiary, and has appealed.

Defendant assigns as error that the verdict is not sustained by sufficient evidence; that it is contrary to law; that the verdict and recommendation of the jury appear to have been rendered under the influence of passion or prejudice, and that the verdict is contrary to and in disregard of the court's instructions.

The evidence shows that Linzey Clem was the owner of 12 Rhode Island Red hens; that about 1 o'clock in the afternoon of Saturday, August 17, 1940, he and his wife left their home in the country and went to Vici, about ten miles away. No one was left at home while they were away, and they did not return until about sundown. Soon after their return, they missed six of the hens. They examined the premises and found tracks of an automobile that had entered the yard during their absence. On Monday, August 19th, they went to a poultry house in Vici, where Mrs. Clem positively identified three of the hens, and tentatively identified two others.

The man who operated the poultry house testified that he purchased eight Rhode Island Red hens from the defendant on August 17th, and that Mrs. Clem identified five of hers out of approximately 200 in his place of business.

The sheriff of Woodward county testified that he met Mr. and Mrs. Clem at the poultry house; that Mrs. Clem identified the hens and that he placed the five she identified with one other in a box and took them to the Clem home about dusk; that within 20 minutes after the hens were released, five of them had gone into the chicken house to roost, or on the nest, and that he took the other hen back to the poultry house. He was corroborated in this by the chief of police of the city of Woodward, who was present, and by Mr. and Mrs. Clem.

Charles Ellison testified that he lived about a mile and a quarter from the Clem place; that on the afternoon of August 17, 1940, the defendant drove past his house going east (the Clems lived about a mile east and a quarter south), and in about 15 or 20 minutes came back.

The defendant did not testify in his own behalf, and only placed one witness on the stand. That witness testified that he was working for the father of the defendant on the day in question; that he and the defendant worked together until about 11:30 in the forenoon, when they quit to go to town. That when they went to the house the mother of defendant told defendant she had caught some chickens and put them in a pen, and for him to take them to town; that while the witness was getting ready, defendant told him he would go over to Linzey Clem's and see about a fresno that Clem had borrowed and not returned; and that he left and was gone about 20 minutes. That after he returned, the witness helped him catch eight chickens that were in the pen, tie their feet together, and place them in the car.

While the testimony in this case is entirely circumstantial, the record has been carefully examined and all the testimony therein duly considered, and we are of the opinion that the testimony is sufficient to sustain the verdict and judgment. The case appears to have been fairly tried. The instructions of the court correctly advised the jury as to the law to guide them in their deliberations upon the facts introduced in evidence. A charge upon circumstantial evidence was given. The jury was justified and warranted in finding the verdict they returned. This court will not pass upon the weight of the evidence in order to determine whether a defendant is guilty as charged, where the inference of guilt can be reasonably drawn from the evidence. This is a question

for the determination of the jury. Lacy v. State, 61 Okla. Cr. 421, 68 P. 2d 878.

It is urged that the punishment imposed is excessive. There being no showing that the defendant has ever been guilty of the crime of larceny of domestic fowls or of any other crime, prior to this conviction, we feel that the demands of justice will be met by a reduction of the sentence from a term of two years to a term of one year in the State Penitentiary. Bouyer v. State, 57 Okla. Cr. 22, 43 P. 2d 153; Childs v. State, 68 Okla. Cr. 435, 99 P. 2d 539.

As so modified, the judgment and sentence of the district court of Woodward county is affirmed.

JONES, P. J., and DOYLE, J., concur.